**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DANIEL PATRICK MASON, | ) | NO. CV 16-1586-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed this action on March 8, 2016, seeking review of the Commissioner's denial of benefits. Plaintiff filed a motion for summary judgment on August 22, 2016. Defendant filed a motion for summary judgment on November 17, 2016. The parties consented to a

Magistrate Judge on December 9, 2016. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 10, 2016.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former Navy missile fire controlman, asserts disability since November 25, 2009 (Administrative Record ("A.R.") 33-34, 54, 139, 146-54). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, Plaintiff's domestic partner/caregiver, and a vocational expert (A.R. 15-22, 29-48, 247-522).

The ALJ found that Plaintiff suffers from severe "history of mild compression deformities [at] L1, T12, T11, and L5-S1 disc bulge with mild foraminal stenosis and facet arthropathy with persistent complaints of back pain; labral tear, right hip; history of meniscectomy with mild soft tissues [sic] edema and mild subluxation; GERD [gastrointestinal reflux disease]; depression and anxiety" (A.R. 17). The ALJ determined that Plaintiff nevertheless has the residual functional capacity to perform a full range of unskilled light work (A.R. 18-21). The ALJ found Plaintiff has no mental functional limitations, rejecting a consultative psychologist's contrary opinion (A.R. 18-21; see A.R. 262-65). The ALJ found that a person with this functional capacity is not disabled under Rules 202.21 and 204.00 of the Medical-Vocational Guidelines (the "Grids") (A.R. 21-22).
///
///

1    The Appeals Council considered additional evidence but denied
2 review (A.R. 4-9; see also A.R. 523 (additional evidence consisting of
3 letter from treatment provider opining that Plaintiff has significant
4 limitations)).

**STANDARD OF REVIEW**

8    Under 42 U.S.C. section 405(g), this Court reviews the
9 Administration's decision to determine if: (1) the Administration's
10 findings are supported by substantial evidence; and (2) the
11 Administration used correct legal standards.  See Carmickle v.
12 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
13 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner
14 of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).
15 Substantial evidence is "such relevant evidence as a reasonable mind
16 might accept as adequate to support a conclusion."  Richardson v.
17 Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted);
18 see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

20    If the evidence can support either outcome, the court may
21        not substitute its judgment for that of the ALJ.  But the
22        Commissioner's decision cannot be affirmed simply by
23        isolating a specific quantum of supporting evidence.
24        Rather, a court must consider the record as a whole,
25        weighing both evidence that supports and evidence that
26        detracts from the [administrative] conclusion.
27 ///
28 ///

1 Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and
2 quotations omitted).

4   Where, as here, the Appeals Council considered additional
5 evidence but denied review, the additional evidence becomes part of
6 the record for purposes of the Court's analysis. See Brewes v.
7 Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers
8 new evidence in deciding whether to review a decision of the ALJ, that
9 evidence becomes part of the administrative record, which the district
10 court must consider when reviewing the Commissioner's final decision
11 for substantial evidence"; expressly adopting Ramirez v. Shalala, 8
12 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d
13 1228, 1231 (2011) (courts may consider evidence presented for the
14 first time to the Appeals Council "to determine whether, in light of
15 the record as a whole, the ALJ's decision was supported by substantial
16 evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953,
17 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this
18 information and it became part of the record we are required to review
19 as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

21                               **DISCUSSION**

23   Plaintiff asserts, inter alia, that the ALJ erred in connection
24 with the ALJ's treatment of a disability rating by the Department of
25 Veterans Affairs ("VA"). See Plaintiff's Motion, pp. 5-7. The Court
26 agrees. Remand for further administrative proceedings is appropriate.
27 ///
28 ///

I. **The VA Disability Rating and the ALJ's Treatment Thereof**

On February 9, 2010, the VA issued a "Rating Decision" and awarded disability benefits (A.R. 135-45). The VA found Plaintiff 40 percent disabled based on a compression fracture to the eleventh thoracic vertebra, a postoperative left knee meniscectomy, and "generalized anxiety disorder and major depressive disorder" (A.R. 136, 139-40). In the portion of the Rating Decision that is in the record,[1] the VA detailed the objective and subjective evidence assertedly supporting its determination. See A.R. 140-41.

At the administrative hearing, the ALJ acknowledged that Plaintiff had a "VA rating based on [his] left knee, a back injury, and some depression" (A.R. 35), but offered no further discussion of the rating. See A.R. 35-47. In the adverse decision, the ALJ did not mention the VA rating or indicate what if any weight the ALJ had given to the rating. See A.R. 15-22.

II. **The ALJ Was Required to Consider the VA Rating and to Explain the ALJ's Reasons for Apparently Failing to Give Great Weight to the VA Rating; The ALJ Materially Erred by Not Complying with These Requirements.**

An ALJ must always consider a VA rating of disability and must ordinarily accord "great weight" to such a rating. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ may accord

---

[1] Page 2 of the Rating Decision is missing from the record. See A.R. 139-40.

"less weight" to a VA rating of disability only if the ALJ "gives persuasive, specific, valid reasons for doing so that are supported by the record." Id. (citation omitted).

In the present case, the ALJ's decision does not reflect any express consideration of the VA rating (A.R. 15-22). The ALJ's decision does not offer any explanation regarding how much weight, if any, the ALJ gave the VA rating, or how the VA rating may have influenced the ALJ's residual functional capacity determination (id.).

As indicated above, the ALJ found Plaintiff capable of performing a full range of unskilled light work and applied the Grids to deem Plaintiff not disabled (A.R. 18, 21-22). The ALJ referenced with apparent approval the May, 2010 opinion of a consultative examiner who had discerned no functional limitations (A.R. 20, 249-54). This consultative examiner stated "There were no records to review" (A.R. 250). Perhaps ironically, the examiner also stated that the "situation. . . probably should be handled by the VA or the military" (A.R. 253). Thus, the examiner evidently did not review the Rating Decision, which had been issued months before. The ALJ may have reviewed the Rating Decision, but failed to address it in the ALJ's decision. This was error. See McCartey v. Massanari, 298 F.3d at 1076; see also Zawatski v. Colvin, 2016 WL 6563635, at *3 (D. Ariz. Nov. 4, 2016) ("Although the ALJ acknowledged that the VA decision existed, the ALJ never adopted or rejected the VA's decision and did not state the weight attributed to it"); Curbow v. Colvin, 2016 WL 386221, at *4 (D. Ariz. Feb. 2, 2016) ("Not only does the ALJ's decision not discuss the weight assigned to Plaintiff's disability

rating, but it does not acknowledge that a VA disability rating is ordinarily entitled to great weight. In addition, the ALJ's decision does not provide sufficient analysis in which the Court may infer the weight assigned to the rating."); Ferguson v. Colvin, 2015 WL 5178426, at *3 (E.D. Cal. Sept. 4, 2016) ("Although the ALJ acknowledged the existence of the VA's disability rating, the ALJ failed to address what, if any, weight the ALJ assigned to that rating. Moreover, to the extent the ALJ afforded less than great weight to the VA's disability rating, the ALJ failed to offer any persuasive, specific and valid reason supported by the record for doing so."); Yuvienco v. Astrue, 2011 WL 4704264, at *2 (D. Or. July 18, 2011), adopted, 2011 WL 4596126 (D. Or. Sept. 30, 2011) ("[T]he ALJ's decision leaves unclear whether he gave less than great weight to the VA rating decision and, if so, his reasons for doing so. Accordingly, his decision cannot be upheld under the holding of McCartey v. Massanari.").

In the absence of any citation to authority or to competent medical evidence in the record, Defendant argues that the ALJ's residual functional capacity determination was actually "consistent" with the VA Rating Decision. Defendant argues it was "reasonable" for the ALJ to assess a capacity for unlimited light work based on the VA rating and Plaintiff's age. See Defendant's Motion, pp. 3-4. The only competent medical opinions in the record that expressly considered the VA rating suggest otherwise. In July of 2010, State agency physicians reviewed the record, including Plaintiff's VA rating and the consultative examiner's opinions, and found, inter alia, that Plaintiff has postural functional limitations and mental functional

limitations. See A.R. 50-62; see also A.R. 262-65 (consultative examiner's psychological report and medical source statement from June of 2010, opining that Plaintiff has moderate to severe impairment in social functioning, and suggesting neuropsychological testing to determine whether Plaintiff has impairments in understanding and memory, concentration and persistence, and adaptation). In any event, Defendant's argument must be rejected because the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

The Court is unable to conclude that the ALJ's errors were harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate nondisability determination") (citations and quotations omitted). The ALJ found no postural or mental functional limitations, relied solely on the Grids to deem Plaintiff not disabled, and obtained no vocational expert testimony regarding whether there exist jobs that Plaintiff could perform notwithstanding his alleged limitations (A.R. 21-22, 47).

**III. Remand for Further Administrative Proceedings is Appropriate.**

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2010); see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for

additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

There remain significant unanswered questions in the present record. For example, as discussed above, the weight accorded to the VA Rating Decision is unclear on the present record.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 13, 2016.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021.